The Court,
after summing up the evidence to the jury, stated to them, that in order to understand its force and application, it became necessary to distinguish this action, from one with which it had been confounded, and to which it bore but a remote resemblance. That it was not founded upon a warranty, in which case a privity of contract must exist between the plaintiff and defendant; in this case no privity of contract was necessary: for the cause of action is completely made out, when the defendant practises a fraud, with the view of deceiving the plaintiff, who, in consequence thereof, sustains a loss.
The defendant’s intent was essential, and it could only be collected from his knowledge of the real situation of the mare; in which respect, also, this action differs from the one founded on a warranty. That extends to all defects, whether the seller knew them or not: this can only be sustained *4 against a person, who knew that the affirmation he made was a false one, and who uttered it with a fraudulent intention.
Thus, according to the case cited, if a man, about to contract with another, but ignorant of his circumstances, applies to a third person for information, who assures him that he may safely be trusted; in such case, the affirmant is not liable unless it be shewn, that at the time he gave the information, he well knew the man might not safely be trusted. For if, when he asserted it, he really believed it, though it were not true, it is a loss without an injury, and therefore is not the subject of an action. So it is for telling a bare, naked lie, the truth or falsehood of which were alike unknown to the defendant; no action is maintainable: but where it is uttered by a person who, at the time, knew its falsehood, and a loss afterwards ensues to the plaintiff in consequence of it, an action will lie.
It is attested, by some of the witnesses, that the defendant had before owned the mare, and had sold her to John Irwin, who possessed her but a short time before the sale to the plaintiff; it may therefore, possibly, be inferred, that whether she were found or otherwise, was a fact more peculiarly within his knowledge, than any other person’s; for there were no constant external symptoms, from which a person unskilled in horses could have drawn the conclusion: nor was it a subject upon which the by-standers could exercise their judgment, or the plaintiff safely trust his own.
*5 It is true that the defendant was under no obligation to satisfy the plaintiff's enquiry; but if he thought proper to answer, he was bound not to make a fraudulent representation: no man can claim the right of deceiving another. If, therefore, the jury believe that the plaintiff's case, as comprised in the declaration, is established in point of fact, he is entitled to their verdict. If the proof upon any of the points stated is not satisfactory to them, the verdict should be for the defendant.